590 P.2d 461

The STATE of Arizona, Appellee,

v.

Cloviel SMITH, Jr., Appellant.

No. 2 CA–CR 1376.

Court of Appeals of Arizona, Division 2.

Nov. 21, 1978.

Rehearing Denied Dec. 27, 1978.

Review Denied Jan. 23, 1979.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

John R. Perry, Jr., Prescott, for appellant.

## OPINION

RICHMOND, Chief Judge.

Cloviel Smith, Jr., appeals from his conviction of possession of heroin for sale, A.R.S. § 36–1002.01, on two grounds. First, he contends his motion to suppress should have been granted. Second, he maintains that he was wrongfully denied a pre-trial hearing on the issue of whether irreconcilable differences had developed which rendered his counsel unable to offer him effective assistance.

The state argues that the second ground already has been rejected by this court on its review of the summary denial of appellant's petition for post-conviction relief under 17 A.R.S. Rules of Criminal Procedure, rule 32. Appellant contends that the question of his right to a pre-trial hearing on the issue was never argued on his rule 32 petition. Nevertheless, inasmuch as the petition was directed in part at the denial of effective assistance of counsel from preliminary hearing through trial, our previous decision on review of the rule 32 proceedings is dispositive on this issue.

Appellant's other contention is that the heroin should have been suppressed as illegally seized by customs agents, because the possibility that it had been obtained in the United States violated the requirements for an extended border search as set forth in

*Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966), cert. denied 385 U.S. 977, 87 S.Ct. 519, 17 L.Ed.2d 439 (1966). We disagree.

Appellant had been observed crossing and re-crossing the international border, first on foot and then in a car. Following his last entry from Mexico, he was under constant surveillance until the car he was driving was stopped after traveling less than two miles and he was returned to the border. A strip search ultimately disclosed a quarter-inch package of heroin that had been concealed in his rectum. The totality of the circumstances provides the reasonable certainty necessary to an extended border search that appellant could not have secreted the contraband while driving, hence it was in his possession at the time of his last entry into the United States. *Alexander*, supra. It is immaterial that he might have obtained the heroin in the United States before crossing and re-crossing the border the last time before he was stopped and searched.

Affirmed.

HOWARD and HATHAWAY, JJ., concurring.